UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| FENF, LLC, | ) Civil Action No. |
| | ) |
| Plaintiff, | ) Honorable |
| | ) |
| v. | ) Magistrate Judge |
| | ) |
| BATIS LLC. d/b/a DR JK, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff FenF, LLC ("Plaintiff" or "FenF"), by and through its undersigned attorneys, alleges the following for its Complaint against Defendant Batis LLC d/b/a DR JK ("Defendant" or "Batis"):

## Parties

1. FenF is a limited liability company organized and existing under the laws of the state of Michigan and having a place of business located at 8255 Huron River Drive, Dexter, Michigan 48130

2. On information and belief, Batis LLC is a Virginia limited liability company organized under the laws of the commonwealth of Virginia having a place of business at 5550 Columbia Pike, Apt. 831, Arlington, Virginia 22204.

3. On information and belief, Batis LLC does business under the name DR JK.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the federal trademark and unfair competition laws of the United States, Title 15 Chapter 22 of the United States Code, and the patent laws of the United States, Title 35 of the United States Code.

5. This Court has personal jurisdiction over Defendant because Defendant has conducted and continues to conduct business in this judicial district and, on information and belief, has engaged in activities related to FenF's claims of unfair competition, federal trademark infringement and patent infringement that establish minimum contacts with the State of Michigan, including having committed acts of federal unfair competition, federal trademark infringement and patent infringement in this judicial district, and the exercise of personal jurisdiction over Defendant is reasonable and fair.  Personal jurisdiction over Defendant may be established under Fed.R.Civ.P. 4(k)(1)(A) and/or Fed.R.Civ.P. 4(k)(2).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 (b).

## Common Allegations

7. FenF sells foot-therapy products under the registered trademark YogaToes® that are designed to treat various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

8. FenF sells its YogaToes® foot-therapy products on-line through its website (www.yogapro.com) as well as through other on-line retailers such as amazon.com.

9. The YogaToes® products sold by FenF include a frame having upstanding posts made of an elastic material. Representative photographs of the YogaToes® products are attached to this Complaint as Exhibit A.

10. At all relevant times since at least December 10, 2002, FenF has been using the trade name YogaToes® in interstate commerce in connection with advertising, marketing, promoting, and selling its YogaToes® products.

11. FenF has acquired value, name and brand recognition, and goodwill in the YogaToes® mark as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its YogaToes® products.

12. FenF is the owner by assignment of United States Trademark Registration No. 3,253,636 ("the '636 registration") for the mark "Yoga Toes" and has the right to bring a cause of action for infringement of a federally registered

trademark. The "Yoga Toes" mark was registered on June 19, 2007. A true and correct copy of the '636 registration is attached to this Complaint as Exhibit B.

13. FenF is the owner by assignment of United States Trademark Registration No. 3,430,215 ("the '215 registration") for the mark "YOGATOES" and has the right to bring a cause of action for infringement of a federally registered trademark. The "YOGATOES" mark was registered on May 20, 2008. A true and correct copy of the '215 registration is attached to this Complaint as Exhibit C.

14. Each of the '636 registration and the '215 registration has become incontestable under 15. U.S.C. § 1065.

15. FenF has acquired value, name and brand recognition, and goodwill in the federally registered "Yoga Toes" and "YOGATOES" marks as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its YogaToes® products.

16. FenF is the owner by assignment of United States Patent No. 8,002,675 ("the '675 patent") entitled "Foot-Therapy And Toe-Aligning Device," which was issued to Frederic Ferri on August 23, 2011, and has the right to bring a cause of action for infringement of that patent. A true and correct copy of the '675 patent is attached to this Complaint as Exhibit D.

17. Claim 31 of the '675 patent recites:

> A foot-therapy and toe-aligning device, comprising:
> a frame, the frame including a top portion;
> a plurality of posts formed of an elastic material extending from the top portion of the frame, whereby a user may place at least one of the plurality of posts between a user's toes; and
> wherein the device is formed of a material that allows light to pass through the material.

18. Defendant offers to sell and has sold foot-therapy and toe-aligning devices in the United States that include a frame having a top portion. The devices also include a plurality of posts formed of an elastic material extending from the top portion of the frame, whereby a user may place at least one of the plurality of posts between a user's toes. The devices are formed of a material that allows light to pass through the material. ("Accused Products"). Photographs of the Accused Products are attached to this Complaint as Exhibit E. The Accused Products are sold under the names "Toe Stretchers Gel" and "Toe Spacers Gel."

19. Defendant represents that its Accused Toe Spacers Gel Product is made from silicon. See, Exhibit F, Answer to Question by DR JK.

20. Independent laboratory testing reveals that Defendant's Accused Toe Spacers Gel Products are actually made from a styrene-based resin, not silicon.

21. Defendant offers to sell the Accused Products through on-line retailers such as amazon.com and ebay.com. Defendant also operates a website at doctor-jk.com.

22. On information and belief, Defendant supplies the Accused Product to Amazon's fulfillment centers, where the Accused Product is stored, and, upon a completed purchase of the Accused Products through amazon.com or ebay.com, the sale of the Accused Products is fulfilled through Amazon's Fulfillment by Amazon (FBA) program.

23. On information and belief, after observing the commercial success that FenF's YogaToes® products have enjoyed, Defendant began offering to sell and selling the Accused Products.

24. Defendant's Accused Products compete directly with FenF's YogaToes® products for sales in the same relevant market to the same customer base.

25. Defendant has used the following product description on amazon.com in connection with a listing to sell the Accused Products:

Toe Straightener for Yoga

26. FenF has been marking its YogaToes product with the '675 patent since at least 2014.

27. By virtue of Plaintiff's marking of its products with the '675 patent, Defendant has been on notice of the '675 patent.

## Count I – Federal Unfair Competition (False Advertising)

28. FenF repeats and realleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Defendant has represented, and is continuing to represent, that at least one of the Accused Products is made from silicon despite the fact that the Accused Product is actually made from a styrene-based resin. (See, Exhibit F, DR JK response to Question).

30. Defendant's false or misleading description and/or representation of fact regarding the composition of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant's Accused Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

31. Defendant's false or misleading description and/or representation of fact regarding the composition of the Accused Product, as used in commercial advertising or promotion, misrepresents the nature, characteristics, and/or qualities of the Accused Product.

32. On information and belief, Defendant has known that the Accused Product is not made from a silicon gel, yet have proceeded to misrepresent that fact in commercial advertising and promotion, thus rendering Defendant's engagement in unfair competition willful and deliberate.

## Count II – Infringement of the '675 Patent

33. FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Defendant has directly infringed, and continues to directly infringe, claim 31 of the '675 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the Accused Product, and will continue to infringe unless enjoined by this Court.

35. Defendant's infringement of the '675 patent has been, and continues to be, willful, deliberate, and objectively reckless.

36. Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## Count III – Federal Trademark Infringement of the '636 Registration

37. FenF repeats and realleges the allegations continued in paragraphs 1 through 36 as if fully set forth herein.

38. Defendant has used in interstate commerce, without authorization from FenF, the mark "Toe Straightener for Yoga" in connection with the marketing, advertising, promotion, and sale of the Accused Product.

39. Defendant's use of the mark "Toe Straightener for Yoga" is likely to have caused confusion, to have caused mistake, and/or to have deceived purchasers

as to the source of Defendant's Accused Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

40. Defendant's actions constitute infringement of FenF's federally registered trademark for "Yoga Toes" (the '636 registration) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

41. Defendant's infringing conduct has caused damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered "Yoga Toes" trademark.

42. On information and belief, Defendant was actively aware of FenF and its "Yoga Toes" federal trademark registration when it began selling the Accused Product, yet proceeded anyway to use the mark "Toe Straightener for Yoga" in connection with the Accused Product, thus rendering Defendant's infringement willful and deliberate.

**Count IV – Federal Trademark Infringement of the '215 Registration**

43. FenF repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Defendant has used in interstate commerce, without authorization from FenF, the mark "Toe Straightener for Yoga" in connection with the marketing, advertising, promotion, and sale of the Accused Product.

45. Defendant's use of the mark "Toe Straightener for Yoga" is likely to have caused confusion, to have caused mistake, and/or to have deceived purchasers as to the source of Defendant's Accused Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

46. Defendant's actions constitute infringement of FenF's federally registered trademark for "YOGATOES" (the '215 registration) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

47. Defendant's infringing conduct has caused damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered "YOGATOES" trademark.

48. On information and belief, Defendant was actively aware of FenF and its "YOGATOES" federal trademark registration when it began selling the Accused Product, yet proceeded anyway to use the mark "Toe Straightener for Yoga" in connection with the Accused Product, thus rendering Defendants' infringement willful and deliberate.

## Count V – Federal Unfair Competition
### (False Designation of Origin or Sponsorship)

49. FenF repeats and realleges the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. FenF's "Yoga Toes" and "YOGATOES" marks, which have been used in connection with YogaToes® products since at least December 10, 2002, is

4:16-cv-11610-TGB-SDD Doc # 1 Filed 05/04/16 Pg 11 of 15 Pg ID 11

inherently distinctive and has acquired secondary meaning through long and sustained use in interstate commerce and through substantial advertising, promotion, and sales.

51. Defendant has used, and are continuing to sue, in interstate commerce and without authorization from FenF, the mark "Toe Straightener for Yoga" in connection with the marketing, advertising, promotion, and sale of the Accused Product.

52. Defendant's use of the mark "Toe Straightener for Yoga" is likely to cause confusion, to cause mistatke, and/or to deceive purchasers as to the source of Defendant's Accused Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

53. Defendant's actions constitute false designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of the Accused Product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

54. Defendant's unfair competition in connection with the use of the mark "Toe Straightener for Yoga" in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of the "Yoga Toes" and "YOGATOES" marks.

55. On information and belief, Defendant was actively aware of FenF and its use of the "Yoga Toes" and "YOGATOES" marks when it began selling the Accused Product, yet proceeded anyway to use the mark "Toe Straightener for Yoga" in connection with the Accused Product, and are continuing to do so, thus rendering Defendant's engagement in unfair competition willful and deliberate.

## **RELIEF REQUESTED**

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A. Finds Defendant's representation that the Accused Product is made from a silicon gel, as found in Defendant's commercial advertising and promotion, is false or misleading and, therefore, constitutes federal unfair competition for false advertising in violation of 15 U.S.C. § 1125;

B. Finds Defendant has infringed FenF's federally registered trademark for "YOGA TOES" (the '636 registration) in violation of 15 U.S.C. § 1114;

C. Finds Defendant has infringed FenF's federally registered trademark for "Yoga Toes" (the '215 registration) in violation of 15 U.S.C. § 1114;

D. Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from engaging in unfair competition for false

advertising in connection with the false or misleading description and representation of the composition of the Accused Product;

E. Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from infringing FenF's federally registered "Yoga Toes" and "YOGATOES" trademarks;

F. Awards to FenF profits gained by Defendant as a result of Defendant's federal trademark infringement and federal unfair competition, increased to an amount this Court deems just, pursuant to 15 U.S.C. § 1117;

G. Awards to FenF actual damages sustained as a result of Defendant's federal trademark infringement and federal unfair competition, increased by up to three times, pursuant 15 U.S.C. § 1117;

H. Awards to FenF costs and any additional damages to which FenF is entitled as a result of Defendant's federal trademark infringement and federal unfair competition;

I. Declares this case exceptional and awards to FenF its reasonable attorney fees pursuant to 15 U.S.C. § 1117;

J. Finds Defendant has directly infringed, and is directly infringing, one or more claims of the '675 patent in violation of 35 U.S.C. § 271;

K. Finds Defendant's infringement has been willful and deliberate with respect to the '675 patent;

L. Awards to FenF damages adequate to compensate for Defenfdant's infringement of the '675 patent, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284;

M. Awards to FenF up to three times the amount found or assessed as damages pursuant to 35 U.S.C. § 284;

N. Finds this case to be exceptional and awards FenF its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

O. Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from infringing the '675 patent pursuant to 35 U.S.C. § 283; and

P. Awards FenF costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 4, 2016

By: */s/Richard W. Hoffmann*
Richard W. Hoffmann (P42352)
REISING ETHINGTON P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
(248) 689-3500
hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*

## JURY TRIAL DEMANDED

FenF demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: May 4, 2016

By: */s/Richard W. Hoffmann*
Richard W. Hoffmann (P42352)
REISING ETHINGTON P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
(248) 689-3500
hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*